77 F.3d 489
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles LOHMAN, Plaintiff-Appellant,
v.
M/V Korean Pioneer, her engines, boilers, machinery, tackle,
fittings and appliances, Defendant-Appellee.
Charles LOHMAN, Plaintiff-Appellee,
v.
M/V Korean Pioneer, her engines, boilers, machinery, tackle,
fittings and appliances, Defendant-Appellant.
 Nos. 94-35967, 94-36005.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 10, 1996.
Decided Feb. 6, 1996.
As Amended on Denial of Rehearing May 30, 1996.
 
 Before: NOONAN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A longshoreman ("Lohman") injured aboard a docked vessel ("Korean Pioneer") filed the instant in rem action in admiralty. Following a bench trial, the district court ruled in favor of Lohman, but reduced by 40% his $255,542 damages award to reflect Lohman's degree of comparative fault, and offset against that reduced recovery an additional $69,552 to reflect the value of Lohman's retirement benefits. Lohman appeals from the reduction and offset rulings, and the Korean Pioneer has cross-appealed on the finding of liability. We affirm in part and reverse in part.
 
 I. Sufficiency of the Evidence
 
 3
 The Korean Pioneer argues that the evidence was insufficient to support the court's finding of liability, because the only evidence of oil anywhere on deck were a few footprints in a passageway that was adjacent to the ballast pipe ladder step where Lohman slipped and fell. The vessel contends that Lohman's decision to use a step that was visibly bent and coated with slippery wheat dust was the sole and proximate cause of his own injury.
 
 
 4
 The evidence showed that oil leaked from the hydraulic crane positioned between the first and second hatches. Oily footprints were found in the adjacent crane passageway. While no oil was visible on the ladder step, something slippery was felt there by Supercargo Larry Hogg in his inspection of the ladder immediately after Lohman's fall. We find no clear error in the trial court's determination of proximate causation. See Saratoga Fishing Co. v. Marco Seattle, Inc., 69 F.3d 1432, 1437 (9th Cir.1995).
 
 II. Reduction of Damages
 
 5
 While conceding that maritime law recognizes the doctrine of comparative fault, Lohman argues that he was not at fault, and the trial court therefore erred by reducing his damages award by 40%.
 
 The court stated its findings as follows:
 
 6
 5. ... Allowing the step to remain in its bent condition, in itself, would not constitute negligence on this type of ship. It is the combination of the bent step and the slippery substance that leads to the finding of negligence [on the part of the ship].
 
 
 7
 6. ... [However, a] longshoreman is expected to keep a careful lookout for his own safety. A careful look at the step in question would have revealed its hazardous condition. Mr. Lohman could then have used more caution in the use of the step or could have chosen an alternate route.
 
 
 8
 ER at 76. Lohman contends that findings 5 and 6 are mutually inconsistent: If the bent step did not create an inherently dangerous situation, then it could not have been an act of negligence for someone to walk on that step. This constitutes a misinterpretation of the court's analysis.
 
 
 9
 As noted above, the evidence was that the step in question was visibly bent, covered with slippery wheat dust, and an experienced seaman or stevedore ordinarily would not use such a step for fear of slipping and falling. The court held that, while the existence of a bent step, by itself, would not constitute an act of negligence on the part of the ship, it could be negligent for someone experienced with seagoing vessels to walk on such a step. Under the circumstances, the trial court's finding that Lohman was partially negligent by 40% was not clearly erroneous. See Saratoga Fishing, 69 F.3d at 1437.
 
 III. Offset of Damages
 
 10
 Lohman's final contention is that the court erred by setting off against his damages award the sum of $69,552, representing the amount of retirement benefits between the ages of 62 (his age at the time of the injury) and 65, because it violates the so-called collateral source rule. The Korean Pioneer argues that, even if the court's ruling on this point were wrong, we can nevertheless uphold the decision on the ground that Lohman failed to mitigate his damages by accepting other suitable employment. We disagree.
 
 
 11
 Although paragraph 7 of the district court's Supplemental Findings of Fact and Conclusions of Law makes a passing reference to 'mitigation,' the court's Order of September 16, 1994, expressly states that Lohman's damages were offset "to reflect his retirement benefits from age 62 to 65." That ruling runs afoul of the collateral source rule, see Folkestad v. Burlington Northern, Inc., 813 F.2d 1377, 1380-81 (9th Cir. 1987); Russo v. Matson Navigation Co., 486 F.2d 1018, 1020-21 (9th Cir. 1973) (per curiam); Gypsum Carrier, Inc. v. Handelsman, 307 F.2d 525, 534 (9th Cir. 1962), and we find insufficient support in the record for the Korean Pioneer's mitigation argument.
 
 
 12
 The $69,552 offset of damages is REVERSED. In all other respects, the decision appealed from is AFFIRMED. Each side will bear its own costs on appeal.
 
 
 
 *
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3